**WO**                                                                                                            KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn O'Hines, | No. CV 10-1191-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Morenes, et al., | |
| Defendants. | |

Plaintiff James Lynn O'Hines,[1] who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Complaint. Plaintiff has not paid the filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.      "Three Strikes Provision" 28 U.S.C. § 1915(g).**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

---

[1] Plaintiff has also filed cases under the names James Lynn Hines, Jackson Malloy, and Yellow Fox.

serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir.1997). A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996).

More than three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim. See Hines v. City of San Diego Police Dep't, CIV 00-969 K (LAB) (S.D. Cal. June 21, 1999); Malloy v. Kowolski, CIV 00-1186 W (LAB) (S.D. Cal. June 30, 2000); Hines v. Hisson, CIV 00-1177 JM (NLS) (S.D. Cal. July 14, 2000); Malloy v. Corcoran Prison, CIV 00-5660 REC (DLB) (E.D. Cal. Sept. 25, 2000); Hines v. Jaffe, CIV 00-2078 W (CGA) (S.D. Cal. Nov. 7, 2000); Malloy v. Galaza, CIV 00-5674 AWI (HGB) (E.D. Cal. Dec. 13, 2000); Malloy v. Corcoran Prison, CIV 99-6647 REC (SMS) (E.D. Cal. Dec. 15, 2000); Hines v. Deddah & Associates, CIV 05-3412-JAT (VAM) (D. Ariz. June 29, 2006); Hines v. Westside Faith Temple Penticostals, CIV 06-061-JAT (VAM) (D. Ariz. Oct. 25, 2006).

Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.     Failure to Allege Imminent Danger of Serious Physical Injury**

Although largely incomprehensible, Plaintiff's claims appear to relate to past incidents. Plaintiff does not allege that he is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee. Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his action.

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(2) The Clerk of Court must enter judgment and close this case.

DATED this 8th day of June, 2010.

James A. Teilborg
United States District Judge